UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOANI BUSH,

    Petitioner,

v.                                             Case No. 5:13cv186/RS/CJK

NICOLE ENGLISH,

    Respondent.

_____/

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate currently residing at Federal Correctional Institution Marianna ("FCI Marianna"), is serving a sentence imposed by the United States District Court for the Middle District of Tennessee ("Middle District") in *United States v. Acosta, et al.*, Case Number 3:09cr92-10. (Middle District Case No. 3:09cr92-10, Doc. 596). On February 10, 2012, petitioner plead guilty to one count of conspiracy to distribute and possession with intent to distribute heroin under 21

U.S.C. § 846. (Doc. 595). That same day, petitioner was sentenced in the Middle District to eighty-four months imprisonment. (Doc. 596).

In this habeas action, petitioner challenges the Federal Bureau of Prisons' ("BOP") refusal to grant her jail credit for time served under 18 U.S.C. § 3585(b). Petitioner claims she should receive credit for a period she was incarcerated between January 22, 2010 through September 27, 2011. (Doc. 1). Petitioner's incarceration history is not completely clear from the petition. The government, however, has submitted a declaration from Alan Ray, a management analyst with the BOP's Designation and Sentence Computation Center, which has clarified petitioner's incarceration history. (Doc. 6-1). In his declaration, Ray avers that on January 22, 2010, petitioner was arrested by federal law enforcement officers and taken into federal custody. On February 2, 2010, petitioner was sentenced to a term of four years imprisonment by the Robertson County Criminal Court located in Springfield, Tennessee. In response to the state conviction, on March 15, 2010, the Middle District formally transferred petitioner into state custody. (Doc. 6-1, p. 4). After completing her state sentence, petitioner was paroled from state custody on September 27, 2011, and taken back into federal custody. Finally, on February 10, 2012, the Middle District sentenced petitioner to the eighty-four month term currently at issue.

DISCUSSION

Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Further, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has

spent in official detention prior to the date the sentence commences–(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*" *Id.* at § 3585(b) (emphasis added); *see also Castillo v. Fed. Corr. Inst. of Tallahassee*, 163 F. App'x 803, 804 (11th Cir. 2006) (noting that "a defendant can receive credit for time served only if the specified time period has not been credited against another sentence").

Attached to Ray's declaration is petitioner's "Sentence Monitoring Computation Data" sheet, which contains petitioner's sentencing information. (Doc. 6-1, p. 14).  The data sheet shows that petitioner has already received jail credit towards her federal sentence for time served from January 22, 2010 through January 28, 2010 (time in federal custody before transfer to state custody), as well as September 28, 2011 through February 9, 2012 (the time period following the expiration of her state sentence and prior to commencement of her federal sentence). Further, the time period from January 29, 2010 through February 2, 2010, was credited towards petitioner's state sentence, which ran from February 3, 2010 until September 27, 2011.  (Doc. 6-1, p. 2).  Accordingly, the period of time petitioner seeks to have credited against her federal sentence–January 22, 2010 through September 27, 2011–has already been credited against her state and federal sentences. (Docs. 21-1, 21-2).

Finally, in her reply, petitioner argues that her state and federal sentences were to run "concurrent[ly]."  (Doc. 8).  Petitioner's sentences cannot run concurrently as her federal sentence commenced after the expiration of her state sentence.  Moreover, as stressed above, § 3585(b) expressly prohibits using credit for time served against

multiple sentences.  Accordingly, petitioner is not eligible to receive credit for time served under § 3585.

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1), be DISMISSED WITH PREJUDICE.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida, this 21st day of July, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).